UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| GARY FISHER AKA GARY DALE BARGER, | No. 2:14-cv-02135 AC P |
|---|---|
| Petitioner, | |
| v. | ORDER |
| R.J. RACKLEY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. However, petitioner's in forma pauperis request is deficient in that he has not signed it nor has the certificate portion been completed by an authorized prison official. Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate $5.00 filing fee.

On September 12, 2014, this case was transferred from the Northern District of California based on the conclusion that petitioner was challenging a conviction from the San Joaquin County Superior Court. See ECF No. 6 (transfer order). However, this court's review of the petition calls that conclusion into question. When asked to identify the place of his conviction and sentence on the form, petitioner indicates "Stockton, California." ECF No. 1 at 2. While that

1

1   response might otherwise support a conclusion that petitioner must be challenging a conviction
2   from San Joaquin County, other information indicates otherwise.  On the immediately previous
3   line of the petition, petitioner indicates that he is currently detained at the California Health Care
4   Facility.  The court takes judicial notice of the fact that the California Health Care Facility is
5   located in Stockton, California.  Additional information contained in the memorandum in support
6   of the § 2254 petition suggests that petitioner may be attempting to challenge a conviction from
7   Kern County.  ECF No. 2 at 2.  This court has also reviewed the litany of civil actions
8   commenced by petitioner in 2014 alone, and determined that petitioner has several pending
9   habeas corpus actions challenging a 2012 Kern County conviction for assault.  See Civil Action
10  Nos. 2:14-1520-AC-P; 1:14-0946-LJO-MJS.

11       Moreover, this court's preliminary review of petitioner's habeas corpus application
12  indicates that petitioner has failed to specify any grounds for relief.  See Rule 2(c), Rules
13  Governing § 2254 Cases.  In the space provided for a statement of Ground One, petitioner merely
14  indicates "same."  ECF No. 1 at 5.  To further confuse the issue, petitioner attaches several pages
15  of his medical records from a 2013 incident, a summary of the Ku Klux Klan Act, and a 27 page
16  historical diatribe of habeas corpus and § 1983 law.  ECF No. 1 at 10-15.  None of this
17  information assists the court in identifying any relevant constitutional claims.

18       As a result of the above deficiencies in the petition, the court will summarily dismiss the
19  petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  However, petitioner will
20  be granted leave to amend.  See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (finding that a
21  petition for habeas corpus should not be dismissed without leave to amend unless it appears that
22  no tenable claim for relief can be pleaded were such leave granted).

23       In accordance with the above, IT IS HEREBY ORDERED that:

24       1.  Petitioner's request to proceed in forma pauperis (ECF No. 3) is denied without
25  prejudice to refiling a completed application;

26       2.  Petitioner shall submit, within thirty days from the date of this order, an affidavit in
27  support of his request to proceed in forma pauperis or the appropriate filing fee;

28       3.  The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis

form used by this district.

    4.  Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

    5.  Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

    6.  The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

    7.  Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: September 22, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE