UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY FISHER AKA GARY DALE BARGER,

Petitioner,

v.

R.J. RACKLEY,

Respondent.

No. 2:14-CV-2135 AC

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

On September 2, 2014, petitioner filed his original petition for a writ of habeas corpus in the Northern District of California. ECF No. 1.[1] The petition challenged a February 6, 2012 conviction and/or sentence, from an unspecified court, and for which petitioner received an 8-year sentence. Id.

On September 12, 2014, the case was transferred to this district. ECF No. 6. On

[1] Fisher (aka Barger) v. Rackley, 3:14-cv-3968 WHO (N.D. Cal.). (The petition is on a Central District of California form.)

September 22, 2014, this court summarily dismissed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, because petitioner "failed to specify any grounds for relief." ECF No. 9 at 2. Petitioner was granted leave to amend his petition within 30 days. Id., at 3.

On October 2, 2012, petitioner filed an amended petition and a request to proceed in forma pauperis. ECF Nos. 14 & 15. This petition challenged a February 7, 2012 conviction, possibly in the Kern County Superior Court,[2] for which petitioner received an unspecified sentence. ECF No. 14 at 1 & 8.

ANALYSIS

A. Duty to Screen

This Court has a duty to screen habeas corpus petitions. Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.

1. No Grounds Specified for Relief

The petition now before the court, like its predecessor, fails to specify the grounds for relief, and fails to state any facts supporting relief. See Rule 2(c)(1) & (2), Rules Governing § 2254 Cases. The pages on the form that are set aside for this information are simply blank. ECF No. 14 at 5-6. Petitioner does attach a 30-page document to his petition, entitled "Memorandum and Points and Authorities Herein." ECF No. 14 at 7-37. This document also does not specify any grounds for relief, nor any facts supporting relief. Rather, it consists of legal arguments

---

[2] Petitioner does not identify the court on the portion of the petition form set aside for this purpose. See ECF No. 14 at 1. However, in his attached "Memorandum," petitioner asserts:

> With strong considerations of comity that would require giving state court system that convicted me to redress its own recklessness would constitute a constraint, and would not protect me of further above and I feel . . . that Kern county Superior Court would not atone to even state sentencing requirements, where the state alone cannot correct errors made in internal remedys thru administration of its prisons. 28 U.S.C. § 2254(b); 42 U.S.C. § 1983.

ECF No. 14 at 8 (emphasis added).

regarding civil rights cases, habeas cases and cases brought under the Ku Klux Klan Act (42 U.S.C. § 1985(3)), among other things. It further argues that petitioner should be able to bring a civil rights action and a petition for writ of habeas corpus together in the same action. ECF No. 14 at 31 (petitioner states: "[b]y connecting 42 U.S.C. § 1983 with a federal petition for writ of habeas corpus, it acts like a superlative binary mechanism").

In addition, the petition irreconcilably contradicts itself as to what relief is sought. On the one hand, petitioner states: "Since I am seeking damages, I am attacking something other than the fact or length of my confinement." ECF No. 14 at 8. On the next page, petitioner states: "Since I'm challenging the fact and or duration of my physical imprisonment and by and by way of relief seeks a determination that is a expedited release, my sole remedy is federal remedy is a writ of habeas corpus." ECF No. 14 at 9.

In short, this petition should be summarily dismissed.

2. Leave to amend

By the undersigned's count, petitioner has filed seven (7) petitions for a writ of habeas corpus either in this district, or which were transferred to this district.[3] A review of those

---

[3] (1) On December 28, 2012, petitioner filed a petition challenging a January 6, 2012 conviction in Kern County Municipal Court, and for which petitioner received an 8-year sentence. Fisher (aka Barger) v. Ventura & Kern Co. Judicial Sys., 1:13-cv-0074 GSA (E.D. Cal.). Petitioner voluntarily dismissed this petition. Id., ECF No. 6.

(2) On November 12, 2012, petitioner filed a petition challenging a July 22, 2013 conviction in Kings County Superior Court, and for which petitioner received a 2-year sentence. Fisher (aka Barger) v. Stover, 1:13-cv-1938 (E.D. Cal.). This petition was dismissed for failure to exhaust state remedies. Id., ECF No. 14.

(3) On March 11, 2014, petitioner filed a petition challenging a conviction of unspecified date from a Kern County Court, and for which petitioner received an 8-year sentence. Fisher v. Arresting Agent, 1:14-cv-0644 (E.D. Cal.). This petition was dismissed for failure to comply with the court's order. Id., ECF No. 18.

(4) On March 13, 2014, petitioner filed a petition challenging a conviction of unspecified date from a Kern County Court and for which petitioner received an 8-year sentence. Fisher v. Barrios, 3:14-cv-1176 WHO (N.D. Cal.). This petition was transferred to this district. Fisher v. Barrios, 1:14-cv-0895-AWI-JLT (E.D. Cal.).

(continued…)

petitions shows that there is a likelihood that six (6) of them, including this one, are all challenging the same conviction and/or sentence. These six appear to be challenging a January 6, February 6, or February 7, 2012 conviction and/or sentence that occurred in a Kern County court, and for which petitioner received either an 8-year sentence, or an unspecified sentence. The matter is uncertain, however, because petitioner haphazardly fills out his habeas petitions, filling in some of the information called for while omitting other information.

Petitioner has already been given an opportunity to amend his petition to state cognizable claims. He failed to do so, and has instead, filed 30 pages of arguments containing no statement of the grounds for which he seeks relief, nor any statement of the facts supporting any relief. The court notes that one of the prior petitions filed by this petitioner – and possibly challenging the same conviction and/or sentence – was also dismissed for failure to state a cognizable habeas claim. Fisher v. Barrios, 1:14-cv-0895-AWI-JLT, ECF Nos. 29 & 30 (E.D. Cal.). Petitioner's conduct demonstrates that granting him another opportunity to amend would be futile.

The court further notes that one of petitioner's prior petitions – possibly challenging the same conviction and/or sentence – was dismissed, with prejudice, for untimeliness. Fisher (aka Barger) v. California, 1:14-cv-0946-LJO-MJS, ECF No. 30 at 2 (E.D. Cal.). This finding further supports the conclusion that granting petitioner another chance to amend would be a futile

---

The petition was transferred to Fresno, where it was subsequently dismissed for failure to state a cognizable habeas claim. Id., ECF Nos. 29 & 30.

(5) On June 10, 2014, petitioner filed a petition challenging a February 6, 2012 conviction by the Kern County Superior Court (Bakersfield), and for which he received an 8-year sentence. Fisher (aka Barger) v. California, 1:14-cv-0946 (E.D. Cal.). This petition was dismissed, with prejudice, as untimely. Id., ECF No. 30 at 2.

(6) On June 26, 2014, petitioner filed a petition challenging a January 6, 2012 or February 6, 2012 conviction, for which he received an 8-year sentence. Fisher (aka Barger) v. Director, 2:14-cv-1520-AC (E.D. Cal. 2014). This petition was transferred to Fresno. Fisher v. Director, 1:14-cv-1468-AWI-MJS (E.D. Cal. 2014). The magistrate judge there has recommended that the petition be dismissed as "successive," having found that it challenges the same petition that was dismissed as untimely in 1:14-cv-0946. Id., ECF No. 10. The matter is still pending.

(7) On September 2, 2014, as noted, petitioner filed the petition that is currently before this court.

gesture.

Accordingly, the petition should be dismissed with prejudice.

B. Certificate Of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue 'when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Murray v. Schriro, 745 F.3d 984, 1002 (9th Cir. 2014) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). For the reasons set forth herein, it appears beyond reasonable debate that petitioner has failed to state any cognizable habeas claim, and is therefore not entitled to a certificate of appealability. Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that:

The Clerk of the Court shall assign this case to a district judge.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 14) be summarily DISMISSED with prejudice;

2. Petitioner's motion to proceed in forma pauperis (ECF No. 15), and his "Motion / Admission" (ECF No. 18), be denied as moot; and

3. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive

the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE